# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39502 (f rev)**

————————————

### UNITED STATES
*Appellee*

**v.**

### Alexander J. DESMOND
Technical Sergeant (E-6), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

*Upon Further Review*

Decided 31 August 2020

————————————

*Military Judge:* Andrew Kalavanos.

*Approved sentence:* Dishonorable discharge, confinement for 15 years, and reduction to E-1. Sentence adjudged 2 April 2018 by GCM convened at Hurlburt Field, Florida.

*For Appellant:* Major Mark J. Schwartz, USAF; Major Dustin J. Weisman, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Major Michael T. Bunnell, USAF; Major Peter Kellett, USAF; Mary Ellen Payne, Esquire.

Before J. JOHNSON, POSCH, and KEY, *Appellate Military Judges.*

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

PER CURIAM:

This case was submitted for our review with a single assignment of error by Appellant alleging the staff judge advocate (SJA) provided incorrect advice with respect to the power of the convening authority to act on the findings and

sentence in his case. Appellant requested we remand the case to the convening authority for new post-trial processing. The Government did not oppose Appellant's request, and on 5 August 2019, we set aside the convening authority's action and returned the record of trial for new post-trial processing. Appellant's case is now before us again for review on its merits without assignment of error.

A military judge sitting as a general court-martial convicted Appellant, in accordance with his pleas pursuant to a pretrial agreement, of one specification of sodomy on a child under the age of 12; two specifications of aggravated sexual abuse of a child; one specification of attempted rape of a child; and one specification of rape of a child in violation of Articles 125, 120, 80, and 120b, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 925, 920, 880, 920b, respectively. All offenses but the Article 120b offense were committed prior to 27 June 2012 but after 1 October 2007 and were charged under the versions of those articles then in effect.[1] The Article 120b offense was committed in 2016.[2] The military judge sentenced Appellant to a dishonorable discharge, confinement for 35 years, and a reduction to the grade of E-1. Pursuant to the terms of the pretrial agreement, the convening authority approved a sentence consisting of a dishonorable discharge, 15 years of confinement, and reduction to the grade of E-1.

Effective 24 June 2014, Congress significantly constricted convening authorities' historically broad power to modify court-martial findings and sentences.[3] In so doing, Congress provided that in cases where an accused is convicted of offenses which occurred both before and after 24 June 2014, convening authorities would have the power they had on the date of the earliest offense, except with respect to certain mandatory minimum sentences.[4] Appellant was convicted of offenses committed before and after 24 June 2014, but in the original post-trial processing of his case, the SJA erroneously advised the convening authority he had only the post-24 June 2014 powers.

After new post-trial processing, the convening authority approved a sentence of a dishonorable discharge, 15 years of confinement, and reduction to

---

[1] *See Manual for Courts-Martial, United States* (2008 ed.).

[2] *See Manual for Courts-Martial, United States* (2016 ed.).

[3] *See* Carl Levin and Howard P. "Buck" McKeon National Defense Authorization Act for Fiscal Year 2015, Pub. L. No. 113–291, § 531, 128 Stat. 3292, 3365 (2014) (codified as 10 U.S.C. § 860).

[4] *Id.* at § 531(g)(2)(A).

the grade of E-1.[5] We have reviewed the new SJA recommendation and find that it accurately states the law applicable to Appellant's case.

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c) (*Manual for Courts-Martial, United States* (2016 ed.)). Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court

---

[5] The action resulting from the new post-trial processing failed to reflect the fact the convening authority had deferred Appellant's reduction in grade. On 3 March 2020, we ordered a corrected action, which the Government has completed.